## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ROSALINDA GARZA AND** | § | |
| **RAMIRO GARZA** | § | |
| | § | |
| **COMPLAINANTS** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:15-cv-00063-SS** |
| | § | |
| **GO FORWARD ADVENTURES, L.L.C.** | § | |
| **D/B/A HERO RUSH AND SIGNATURE** | § | |
| **RESEARCH, INC.** | § | |
| | § | |
| **DEFENDANTS** | § | |

## COMPLAINANTS' SECOND AMENDED COMPLAINT

COME NOW Rosalinda Garza and Ramiro Garza, "Complainants," and file this Second Amended Complaint against Go Forward Adventures, L.L.C. d/b/a Hero Rush and Signature Research, Inc., "Defendants," and allege as follows:

**1.0     Introduction**

1.1     This is an action arising out of injuries sustained by Rosalinda Garza as a result of a metal/fireman's pole that detached from Defendants' challenge course obstacle and struck Rosalinda Garza, a spectator, on the head at a Hero Rush Fitness Challenge Event on March 2, 2013. Complainants' cause of action is based on the Defendants' negligence and gross negligence. The entire incident made the basis of this case was captured on video.

**2.1     Parties**

2.1     Complainants, Rosalinda Garza and Ramiro Garza, are individuals residing in Alice, Jim Wells County, Texas.

2.2    Defendant, Go Forward Adventures, L.L.C. d/b/a Hero Rush is a foreign corporation organized and existing under the laws of the State of Maryland with its principal office located at 6990 Columbia Gateway Drive, Suite 360, Columbia, Maryland 21046, has been served, and has filed an answer herein.

2.3    Defendant, Signature Research, Inc. is a foreign corporation organized and existing under the laws of the State of Georgia with its principal office located at 5493 Westmoreland Plaza Dr. Suite D-100, Douglasville, Georgia 30134, has been served, but no answer has been filed to date.

**3.0    Jurisdiction**

3.1    This Court has original jurisdiction of this action under 28 U.S.C. § 1332.

3.2    Defendants are foreign corporations with their principal places of business in some state other than Texas, thereby creating a diversity of citizenship between Complainants and Defendants.

3.3    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

**4.0    Venue**

4.1    Venue is proper in the Western District of Texas because a substantial part of the events giving rise to the claim made the basis of this cause of action occurred in Williamson County, Texas which lies in the Western District of Texas pursuant to 28 U.S.C. § 1391(a).

**5.0    Facts**

5.1    Complainants, Ramiro Garza and Rosalinda Garza are currently husband and wife and were married at the time of the incident made the basis of this suit.  They were married in 1973 and have married approximately forty-two (42 years).

5.2     This is an action to recover money damages for severe and permanent injuries sustained by Complainant, Rosalinda Garza (hereafter, "Mrs. Garza"), arising from an incident that occurred on or about March 2, 2013.

5.3     Defendants are responsible for the design, assembly, disassembly and transport of multiple temporary obstacles for a challenge fitness event created specifically for firefighters called "Hero Rush."   Hero Rush provided participants with a chance to run an 'intense' race through a challenge course with a series of multiple fire-related obstacles, including climbing ladders, sliding down poles, crawling through windows and breaking down doors. Several Hero Rush events were held throughout the United States; hence, Defendants assembled, used, disassembled and transported the obstacles in trucks around the country.

5.4     Defendants were also responsible for the layout of the course and the safe placement of its spectators.

5.5     Defendants were responsible to adequately plan and staff for the Hero Rush event made the basis of this suit.

5.6     The first obstacle of the Hero Rush event was called 'Dispatch and Descent' which required a participant to climb a narrow flight of stairs and "rush" onto an elevated stage approximately ten (10) to twelve (12) feet off the ground.  Once on stage, the participants were to continue forward and slide down a makeshift metal/fireman's pole.  Nine (9) metal/fireman's poles ~ estimated twenty (20) feet high and approximately four (4) inches in diameter ~ were vertically assembled and evenly separated across the other side of the stage.  The metal/fireman's poles were loosely connected to each other at its top ends by a series of horizontal placed metal poles and t-shaped connectors.  The metal/fireman's poles were not connected to each other at their bottom ends nor secured to the ground for reinforcement.  Being the first obstacle of the Hero Rush event,

spectators, including family members were encouraged and allowed to gather in close proximity to the stage and cheer on their favorite participant.

5.7    On March 2, 2013, Mrs. Garza was standing immediately behind a fenced, designated spectator area that allowed her and other spectators to stand less than twenty (20) feet from the stage and several metal/fireman's poles.  Mrs. Garza was holding her grandchild in her arms as she waited for her daughter to start the first obstacle. At that time, a heavy-set event participant named John Wright began to slide down one of the metal/fireman's poles. Suddenly and unexpectedly, the metal/fireman's pole ~ ridden by Mr. Wright like he was riding a horse stick ~ detached from its assembly and rapidly fell toward Mrs. Garza and her grandchild. Within a matter of milliseconds the metal/fireman's pole crashed into Mrs. Garza and her grandchild and violently struck Mrs. Garza in the head.  With her grandchild still in her arms, Mrs. Garza immediately fell to the ground and lost consciousness.

5.8    Mrs. Garza was immediately taken to Round Rock Medical Center in Round Rock, Texas, where she was treated for head and neck trauma including multiple contusions and a laceration to her forehead.  The residual injuries and effects suffered by Mrs. Garza due to the incident are severe and debilitating and include, but are not limited to: traumatic brain injury, loss of memory, headaches, dizziness, difficulty speaking, depression, tooth and dental prosthesis damage, injury to her neck and back and other additional injuries and damages.

5.9    At the time of the incident, Mrs. Garza was a well-known and respected elementary school in Alice, Jim Wells County, Texas.  Due to the traumatic brain injury, persistent headaches, cognitive difficulty and emotional instability caused by the violent blow to her head, Mrs. Garza could not function as an effective school teacher and was compelled to retire after twenty-one (21) years of teaching.

5.10    Further, Complainant Ramiro Garza, has suffered and will continue to suffer loss of consortium and loss of household services in both the past and future due to event/obstacle design and assembly failures made the basis of this suit.  Due to her injuries as stated above, Mrs. Garza could not ~ and still cannot ~ perform household duties or provide Mr. Garza with the affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a happy and successful marriage.

5.11    The serious injuries and damages suffered by Complainants Rosalinda and Ramiro Garza as a result of this incident were proximately caused by the negligence and gross negligence of Defendants as set forth herein.

**6.0     Cause of Action**

**a.     Negligence**

6.1    Defendants had a duty of ordinary care and additional duties owed to Complainants, as set forth below.  Defendants breached each of these duties.  Defendants' wrongful acts and omissions constituted negligence and gross negligence and were a proximate cause of the incident and Complainants' damages.  Defendants' negligence resulted in the event/obstacle failures and serious bodily injuries to Complainant, Rosalinda Garza.

6.2    Defendants were negligent due to the following acts and omissions:

a.    Failure to check the Dispatch Descent assembly periodically after each wave of participants;

b.    Failure to design the Dispatch Descent so that the fireman's poles would not unsafely unscrew/disassemble when used by participants;

c.    Failure to provide a safe environment for spectators, such as Mrs. Garza;

d.      Failure to ensure the safety of spectators, such as Mrs. Garza by keeping spectators a safe distance away from Dispatch Descent obstacle;

e.      Failure to properly assemble and/or construct the Hero Rush "Dispatch and Descent" challenge obstacle in a safe manner to protect participants, and spectators, such as Mrs. Garza;

f.      Failure to ensure that policies, procedures and/or appropriate safety guidelines and measures were in place concerning the safe and proper assembly and/or construction of the Hero Rush "Dispatch and Descent" challenge obstacle;

g.      Failure to perform proper safety inspections and testing to the Hero Rush "Dispatch and Descent" challenge obstacle and its components before use;

h.      Failure to ensure that policies, procedures and/or appropriate safety guidelines and measures were in place to keep participants, and spectators, such as Mrs. Garza, safe from foreseeable danger;

i.      Failure to warn spectators, such as Mrs. Garza, of the foreseeable dangers of its Hero Rush "Dispatch and Descent" challenge obstacle;

j.      Failure to set forth safety measures, guidelines, protocols and procedures to avoid foreseeable incidents, such as the incident made the basis of this suit;

k.      Failure to ensure that an effective mechanism, system or safety equipment was in place concerning obstacle assembly/equipment failures in order to protect participants, and spectators, such as Mrs. Garza, from being exposed to the hazards associated with the lack of such safeguards;

l.      Failure to hire qualified personnel to carry-out its Hero Rush "Dispatch and Descent" challenge obstacle assembly and/or installation;

m.     Failure to properly train Defendants' personnel on proper challenge course obstacle assembly and/or installation; and

n.      Failure to properly supervise Defendants' personnel.

6.3     Defendants' negligence as stated herein was a proximate cause of the Hero Rush event/obstacle design, assembly and system failures and said negligence caused Mrs. Garza to suffer serious and permanent injuries and Complainants' damages.

**b.      Negligent Undertaking**

6.4     In the alternative, Defendant, Signature Research, had a duty of reasonable care when it undertook the responsibility to: contract to cooperate with Go Forward in the design, construct, install, breakdown, transport and storing of obstacles for the Hero Rush events, and that all the worked performed would meet or exceed the current minimum Standards for Challenge Course Installation and for Challenge Course Inspections as published by the Association for Challenge Course Technology ("ACCT").  Defendant and its employees breached said duty of ordinary care by failing to exercise reasonable care in at least the following ways:

a.      Failure to check the Dispatch Descent assembly periodically after each wave of participants;

b.      Failure to design the Dispatch Descent so that the fireman's poles would not unsafely unscrew/disassemble when used by participants;

c.      Failure to properly assemble and/or construct the Hero Rush "Dispatch Descent" challenge obstacle in a safe manner to protect participants, and spectators, such as Mrs. Garza;

d.    Failure to ensure that policies, procedures and/or appropriate safety guidelines and measures were in place concerning the proper assembly and/or construction of the Hero Rush "Dispatch Descent" challenge obstacle;

e.    Failure to perform proper safety inspections and testing to the Hero Rush "Dispatch and Descent" challenge obstacle and its components before use and after each participant 'wave';

f.    Failure to ensure that an effective mechanism, system or safety equipment was in place concerning obstacle assembly/equipment failures;

g.    Failure to provide Go Forward with manufacturer/builder recommendations regarding obstacle load, weight and number of participant limitations per wave/event;

h.    Failure to properly train its personnel on proper challenge course obstacle assembly and/or installation;

i.    Failure to properly supervise its personnel;

j.    Failure to provide Go Forward with a document certifying that the Hero Rush challenge course was ready for participant use;

k.    Failure to provide Go Forward with an Acceptance Inspection that verifies nothing has been neglected in the element (ex. Dispatch Descent) or course installation and that the element or course is operating as intended;

l.    Failure to determine inspection frequency by considering the design of the systems and the number of participant cycles;

m.      Failure to evaluate the strength of the elements and structures by applying accepted engineering practice for appropriate resistance to live loads and dead loads for the material under consideration (ex. fire poles);

n.      Failure to identify possible improper use of elements/materials (ex. fire poles;

o.      Failure to take steps to identify warn and physically limit access to the element (ex. fire pole) where there is a likelihood of an injury due to access by an unauthorized user; and

p.      Failure to specify the fire poles used based on expected load and safety factors required by accepted engineering practice (ex. determined load capacities for Dispatch Descent framework assembly).

6.5     Defendant's failure to exercise reasonable care in the performance of the undertaking, as set forth above in paragraph 6.4, increased the risk of physical harm to Mrs. Garza, or the harm suffered by Mrs. Garza resulted from Mrs. Garza's and Defendant, Go Forward's reliance upon Defendant, Signature Research's undertaking.

6.6     Plaintiffs' serious and permanent injuries and damages were proximately caused by Defendant, Signature Research's negligent undertaking as set forth above in paragraphs 6.4 and 6.5.

    **c.      Premises Liability**

6.7     In the alternative, Defendants were the possessor and in control of the premises and obstacles made the basis of this suit.

6.8     Plaintiffs entered onto Defendants' premises with Defendants' knowledge and for their mutual and economic benefit of Defendants, therefore Plaintiffs were invitees.

6.9     The inadequately assembled Dispatch Descent obstacle and course/spectator layout posed and unreasonable risk of harm to the Plaintiffs;

6.10    Defendants knew of the dangers posed by the inadequately assembled Dispatch Descent obstacle and inadequate course/spectator layout to Plaintiffs; and

6.11    Defendants breached their duties of ordinary care to Plaintiffs by:

      a.     failing to adequately warn the Plaintiffs of the inadequately assembled Dispatch Descent obstacle and inadequate course/spectator layout;

      b.     failing to make the inadequately assembled Dispatch Descent obstacle and inadequate course/spectator layout safe.

6.12    Plaintiffs' serious and permanent injuries and damages were proximately caused by Defendants' negligence as set forth in paragraphs 6.7 – 6.11.

**d.      Gross Negligence**

6.13    Defendants are well-established companies with years of experience in the business of challenge/obstacle course creating, organizing, facilitating, constructing, training, and consulting, serving numerous challenge fitness event organizers, participants, spectators and trainees throughout the United States. Particularly, Defendant Signature Research, Inc.'s President, Ben Kopp, currently serves on the board of directors for the Association for Challenge Course Technology ("ACCT"). Defendant, Signature Research employs 13 full time employees and numerous part time employees.

6.14    Defendants seek to provide quality, family-friendly events, products and services to its consumers, participants and spectators in the Challenge Course and Adventure Industries by complying with ACCT standards and any applicable local regulations and adhering to the strictest safety guidelines. In particular, Defendants are committed to standing by its events, products and workmanship.

6.15    Defendants had actual knowledge of the importance of implementing safe protocols, proper design, proper assembly and proper inspection regarding its 'Dispatch and Descent' obstacle course, but as stated herein, failed to do so.

6.16    Defendants were grossly negligent when they failed to properly design, assemble and inspect their Hero Rush/'Dispatch and Descent' event/obstacle on March 2, 2013, because its improper design, assembly and inspection failed to keep participants, and spectators, such as Mrs. Garza free from foreseeable danger, mainly, the danger associated with the foreseeable detachment/collapse of the metal/fireman's pole(s) from its assembly. Defendants' actions which when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the participants, and spectators, such as Mrs. Garza and other spectators who are relying on Defendants to provide them with a safe environment.

6.17    Complainants seek an award of exemplary damages of a sufficient amount to punish Defendants for said grossly negligent conduct in order to serve as a deterrent to similar conduct, as such may result in others being injured or killed in the future.

**7.0    Damages**

7.1    The damages sought by Complainants exceed the minimum jurisdictional limits of this court and are as follows:

a)  Medical expenses in past;

b)  Medical expenses, that in reasonable probability Mrs. Garza will incur in the future;

c)  Physical pain and mental anguish in the past;

d)  Physical pain and mental anguish that, in reasonable probability, Mrs. Garza will suffer in the future;

e)  Mental impairment in the past;

f)  Mental impairment that, in reasonable probability, Mrs. Garza will suffer in the future

g)  Physical impairment in the past;

h)  Physical impairment that, in reasonable probability, Mrs. Garza will suffer in the future;

i)  Disfigurement in the past;

j)  Disfigurement that, in reasonable probability, Mrs. Garza will suffer in the future;

k)  Loss of earnings in the past;

l)  Loss of earnings that, in reasonable probability, Mrs. Garza will suffer in the future;

m)  Loss of consortium for Mr. Garza in the past;

n)  Loss of consortium for Mr. Garza, that in reasonable probability, will be suffered in the future;

o)  Loss of household services for Mr. Garza in the past; and

p)  Loss of household services for Mr. Garza, that in reasonable probability, will be suffered in the future.

**8.0    Jury Trial**

8.1    Complainants hereby request a trial by jury, pursuant to the United States Constitution 7th Amendment.

**9.0    Prayer**

WHEREFORE, PREMISES CONSIDERED, Complainants respectfully request that after a jury trial herein, they have judgment against Defendant, as follows:

a)  Judgment against Defendants for all of Complainants' actual damages, both general and special, as described above, as determined by the evidence.

b)  Pre-judgment and post-judgment interest provided by law.

c)  Costs of court as authorized by law; and

d)  Such other relief to which Complainants may be entitled, both general and special.

Respectfully submitted,

**ERSKINE & BLACKBURN, L.L.P.**


By:     */s/ Blake C. Erskine, Jr.*
BLAKE C. ERSKINE, JR.
Federal Bar No. 27042
State Bar No. 00786383
Email: berskine@erskine-blackburn.com

MARK B. BLACKBURN
Federal Bar No. 14680
State Bar No. 02388990
Email: mblackburn@erskine-blackburn.com

CHARLIE GARCIA
Federal Bar No. 1151007
State Bar No. 24069755
Email: cgarcia@erskine-blackburn.com

6618 Sitio del Rio, Bldg. C-101
Austin, Texas  78730
Telephone (512) 684-8900
Facsimile (512) 684-8920

---

**COMPLAINANTS' SECOND AMENDED COMPLAINT**                                   **PAGE 13**

And

J. JAVIER GUTIERREZ
State Bar No. 24045997

700 East Third Street
Alice, Texas 78332
Telephone: (361) 664-7377
Facsimile: (361) 664-7245
Email: Javier@gutierrezlawfirm.com

**ATTORNEYS FOR COMPLAINANTS**

## CERTIFICATE OF SERVICE

        I hereby certify that on the 23rd day of November, 2015, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to the following:

Steve Skarnulis
Patrick J. Fitzgerald
Cain & Skarnulis, PLLC
400 West 15th Street, Suite 900
Austin, TX 78701

**ATTORNEYS OF RECORD FOR DEFENDANT
SIGNATURE RESEARCH, INC.**

Jeff D. Otto
Sean Crowley
Thomson, Coe, Cousins & Irons, L.L.P.
701 Brazos, Suite 1500
Austin, TX 78701

**ATTORNEYS OF RECORD FOR DEFENDANT
GO FORWARD ADVENTURES, LLC.**

                                        *s/ Blake C. Erskine, Jr.*